### EGGERMONT v. CUNARD S. S. CO., Limited.

(Municipal Court of City of New York, Borough of Manhattan, First District. December, 1909.)

SHIPPING (§ 167*)—BAGGAGE—LIMITATION OF LIABILITY.

Plaintiff engaged passage on defendant's boat; the contract limiting defendant's liability for loss of baggage. On the day of sailing defendant refused plaintiff passage on its boat, but engaged for him passage on another, which plaintiff accepted; but his baggage went on the first boat. *Held* that, plaintiff having waived defendant's breach of contract by accepting passage on the other boat, instead of rescinding the contract, as he could have done, he is bound by the limitation as to the loss of his baggage in the original contract.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 167.*]

Action by Cyrille Eggermont against the Cunard Steamship Company, Limited. Judgment for plaintiff for a part of his claim.

Cornelius O'Connor, for plaintiff.

Lord, Day & Lord (Mr. Bradley, of counsel), for defendant.

PRINCE, J. The plaintiff sues for the loss of a trunk and its contents, his baggage, which he delivered to the defendant for transportation to one of the European ports on one of defendant's steamships, but which was not delivered. The defense is that by the contract between the parties the defendant's liability was limited to $25, against which must be offset a counterclaim of $15 costs recovered by the defendant against the plaintiff in a prior action.

The facts are that the defendant, for a consideration paid it by the plaintiff, undertook to carry the plaintiff and this trunk across the Atlantic on the steamship Lusitania, booked to sail from the city of New York on November 16, 1907. At the time a ticket was issued to the plaintiff, which constitutes the contract upon which the defendant relies, and which contains the usual clause limiting the liability of the carrier to $25. On November 15, 1907, after the plaintiff had engaged passage, he delivered the trunk to the defendant, and, from all that appears, it was placed on board the Lusitania, which sailed the following day; but for some reason, which does not appear, the trunk was not delivered at the place of destination, and is lost to the plaintiff. On November 16, 1907, the plaintiff appeared at defendant's dock ready to sail; but he was refused passage. The defendant company, however, made arrangements with another steamship company, the · Anchor Line, in which, however, the plaintiff took no part, for the carriage of the plaintiff to his place of destination, without further expense to the plaintiff, and accordingly, on the same day, plaintiff sailed for Europe on one of the boats of the Anchor Line.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The learned counsel for the plaintiff, in a brief which is verily a literary production, ingeniously, and yet by the invocation of what are undoubtedly elementary principles of law, argues that plaintiff is not bound by the contract of carriage by him entered into with the defendant, that the defendant may not urge the limited liability therein fixed, and that plaintiff is entitled to the full value of the lost trunk. He contends that, when the defendant refused the plaintiff passage on the Lusitania, it committed a breach of contract; that the plaintiff then had a right to rescind the contract and hold the defendant as bailee, under the common law, for the full value of the trunk and its contents; and that the defendant may not urge the contract which it breached as establishing the limited liability. With the principles of law pronounced by plaintiff's counsel there can be no quarrel; but the facts of the case will not bear an application of these principles. In the ordinary case, upon the breach of a contract, the party aggrieved has at least two remedies open to him. He may, by reason of the breach, rescind the contract, so that he will not be bound by its terms, and sue for his consideration paid on the contract, or he may continue with the contract, ratify it, and, under certain circumstances, look to the party who committed the breach for his damage. But, unless the injured party elects to rescind and call the contract off, he is bound by the contract and its terms.

So, in the case at bar, had the plaintiff, upon the defendant's refusal to carry him on the Lusitania, elected either to give up his trip abroad or to obtain passage elsewhere, he would have been entitled to a return of the passage money, and to treat the defendant as bailee of his trunk, and as such the defendant would have been liable for its full value, and the clause limiting defendant's liability would not have been a bar. But the plaintiff did not adopt this course. He elected, rather, to take from the defendant passage on the boat of another steamship company, which, for the purposes of this transaction, was acting as defendant's agent. The plaintiff thus ratified the contract which he might have rescinded, and, whilst it may be that the plaintiff can recover general or even special damages from the defendant arising from the substitution of the boat of the Anchor Line for the Lusitania, which question, however, is not before the court, and is therefore not decided, the plaintiff cannot escape the provision of the contract which limits the defendant's liability to $25.

In eloquent language counsel pictures the hardship which plaintiff, a man of small means, must suffer by limiting the recovery to $25. To this argument can be made only the now trite answer, that that was the contract of the parties; that it is the duty of courts to determine the rights of parties under the contracts which they make, not to make new contracts for them, and to declare the law as they find it, not to change or strain the law to make it fit a particular hard case. Cunningham v. Castle, 127 App. Div. 580, 588, 111 N. Y. Supp. 1057; Doepfner v. Bowers, 55 Misc. Rep. 561, 562, 106 N. Y. Supp. 932.

Judgment is therefore awarded to the plaintiff for $25, less $15, the amount of defendant's counterclaim.